IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IVAN L. MENDEZ,              :
                             :
    Plaintiff,               :
                             :
        v.                   :   Civ. Action No. 07-455-JJF
                             :
THE STATE OF WASHINGTON D.C., :
                             :
    Defendant.               :

Ivan L. Mendez, Pro se Plaintiff, Delaware Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

September 26, 2007
Wilmington, Delaware

Farnan, District Judge

Plaintiff Ivan L. Mendez ("Mendez"), an inmate at the Delaware Correctional Center, ("DCC"), Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds <u>pro se</u> and has filed a Motion To Proceed <u>In Forma Pauperis</u> pursuant to 28 U.S.C. § 1915. (D.I. 1.) He is a frequent filer in this District.

For the reasons discussed below, the Court will deny Plaintiff's Motion For Leave To Proceed <u>In Forma Pauperis</u> and will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. 1915(e)(2)(B) and § 1915A(b)(1).

## I. BACKGROUND

Plaintiff filed similar complaints in C.A. No. 07-450-JJF, <u>Mendez v. U.S. Court of Appeals for the Federal Circuit</u> and C.A. No. 07-456-JJF, <u>Mendez v. U.S. Court of Appeals for the Federal Circuit</u>. The Complaint is difficult to understand, but it is evident that it is filed pursuant to 42 U.S.C. § 1983, and that Plaintiff has problems regarding his prison classification. Exhibits attached to the Complaint appear to relate to Plaintiff's underlying criminal conviction.

## II. PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in

a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury. Also, a prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

Plaintiff, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, as follows: Mendez v. Delaware Corr. Ctr., C.A. No. 05-303-JJF (D. Del. Dec. 1, 2005); Mendez v. Delaware Legal Sys., C.A. No. 05-304-JJF (D. Del. Dec. 1, 2005); Mendez v. Delaware, C.A. No. 05-305-JJF (D. Del. Dec. 1, 2005); Mendez v. Delaware Psychiatric Ctr., C.A. No. 05-306-JJF (D. Del. Dec. 1, 2005). Moreover, on July 30, 2007, Plaintiff was enjoined from filing, without prior authorization of this Court, any complaint, lawsuit, or petition for writ of mandamus, related to his underlying criminal

conviction, or any other related cases, including, but not limited to actions against the states of Pennsylvania and Delaware, the District of Columbia, and This Criminal Organization. Mendez v. This Criminal Organization, C.A. No. 07-236 (July 30, 2007, D.I. 9.) Had Plaintiff filed this case eleven days later, he would have been required to follow the requisites of the banning Order.

Nonetheless, Plaintiff may not file another civil action in forma pauperis while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his Complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). Plaintiff's Complaint does not meet that standard. The allegations of the Complaint, to the extent that can be discerned, are that the DCC did not transfer Plaintiff to the correction institution of his choice. Hence, Plaintiff is not excused from the restrictions under § 1915(g), he may not proceed in forma pauperis and, therefore, his Motion To Proceed In Forma Pauperis will be denied. Even if the Court were to grant Plaintiff's Motion, the allegations in the Complaint are frivolous and fail to state a claim upon which relief may be granted.

### III. STANDARD OF REVIEW

When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the

4

complaint by the court.  Section 1915A(b)(1) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function, the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Fullman v. Pennsylvania Dep't of Corr., C.A. No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). However, fantastical or delusional claims that are clearly baseless are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 5, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## IV. ANALYSIS

The sole Defendant is the "State of Washington, D.C." Presumably, the City of Washington, D.C. is to whom Plaintiff refers. A municipality, such as the District of Columbia, may be held liable under 42 U.S.C. § 1983 only when it is shown that an individual wrongdoer was acting pursuant to an unconstitutional policy, practice or custom promulgated or sanctioned by the municipality. Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) (citing Monell v. New York City Dep't of Soc.

6

Servs., 436 U.S. 658, 691-95 (1978)); Warren v. District of Columbia, 353 F.3d 36, 38 (D.C. Cir. 2004); Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000). "Liability will be imposed when the policy or custom itself violates the Constitution, or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its employees." Id. (citing Polk County v. Dodson, 454 U.S. 312 (1981))

The Complaint does not allege that Defendant or any of its employees violated Plaintiff's constitutional rights. Nor does it allege that there is an unconstitutional policy, practice or custom promulgated or sanctioned by Defendant. Moreover, Plaintiff's allegations are clearly baseless and fail to establish that he has been deprived of a constitutionally or federally protected right by the Defendant. Therefore, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

## V.   CONCLUSION

Based upon the foregoing analysis, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). The Court will deny the Motion To Proceed In Forma Pauperis. An

7

appropriate Order will be entered.